1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3   United States of America,

4            Plaintiff

5   v.

6   Brandon Fernandez-Parra,

7            Defendant

Case No. 2:13-cr-00383-JAD-VCF

**Order Granting Unopposed
Motion for Compassionate Release**

[ECF Nos. 81, 83]

8

9        Brandon Fernandez-Parra pled guilty to eight counts related to drug trafficking, and he

10   has served more than half of his 135-month sentence.  Currently incarcerated at the Butner

11   Federal Medical Center, Fernandez-Parra moves for compassionate release because he has

12   advanced pancreatic cancer with an 18-month life expectancy.[1]  The government does not

13   oppose that request and concedes that Fernandez-Parra's cancer diagnosis and attendant life

14   expectancy justifies his compassionate release.  It adds that his five-year term of supervised

15   release "will ensure that the [c]ourt has the ability to monitor his conduct."[2]  The government

16   requests that the court order Fernandez-Parra to be quarantined for a 14-day period and receive

17   medical clearance before his release.[3]

18        A sentencing court's ability to modify or reduce a sentence once imposed is seriously

19   limited.[4]  The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by

20

21   [1] ECF No. 83.

22   [2] ECF No. 85 at 3.

     [3] *Id*. at 4.

23   [4] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of
     Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

1 the First Step Act of 2018,[5] is an exception to this limitation.  It allows the sentencing judge to

2 reduce a sentence based on "extraordinary and compelling reasons" after the defendant has asked

3 the Bureau of Prisons (BOP) to bring such a motion on his behalf and exhausted all

4 administrative rights to appeal the BOP's denial of that request.[6]  The court must consider the

5 factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence

6 reduction must be "consistent with applicable policy statements issued by the Sentencing

7 Commission."[7]

8       Although the statute does not define "extraordinary and compelling circumstances," the

9 U.S. Sentencing Commission has identified four categories of situations that may qualify: serious

10 medical conditions, advanced age, family circumstances, and a catch-all "other reasons."[8]  The

11 Sentencing Commission finds extraordinary and compelling reasons under the medical-condition

12 category when the defendant has a terminal illness.[9]  A terminal illness is further defined as "a

13 serious and advanced illness with an end of life trajectory," such as "metastatic solid-tumor

14 cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia."[10]

15       As the government acknowledges, Fernandez-Parra has a terminal illness with an end-of-

16 life trajectory, giving him extraordinary and compelling reasons" for a sentence reduction.[11]

17 And the factors under 18 U.S.C. § 3553(a) are not an obstacle to his release because, as the

18

---

19 [5] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[6] 18 U.S.C. § 3582(c)(1)(A)(i).

20

[7] *Id*.

21 [8] U.S.S.G. 1B1.13, application note 1(A).

[9] *Id.*

22

[10] *Id*.

23 [11] ECF No. 85 at 3.  Because I reach this conclusion based on the cancer diagnosis, I need not and do not consider whether further reasons exist based on COVID-19.

1  government concedes, he has already served more than half of his substantial sentence, his

2  crimes of conviction did not involve an element of violence, he will likely be deported upon

3  release, and his five-year term of supervised release with the conditions already imposed will

4  give the court the necessary degree of oversight over him should he return.[12]

5      Accordingly, IT IS HEREBY ORDERED that the unopposed Motion for Compassionate

6  Release **[ECF No. 83] is GRANTED**.

7      IT IS FURTHER ORDERED that **Defendant be quarantined for a 14-day period**,

8  beginning no later than the day following the date of this order, and given medical clearance,

9  consistent with BOP policy, before this Order takes effect.

10     IT IS FURTHER ORDERED that, **upon completion of the 14-day quarantine and**

11  **medical clearance, Defendant's term of imprisonment is reduced to time served**, **followed**

12  **by a five-year term of supervised release** on the conditions already imposed,[13] and that term of

13  supervised release will begin immediately upon his release, should he not be deported.

14     IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel

15  **[ECF No. 81] is DENIED** as moot, as Assistant Federal Public Defender Andrew Wong has

16  represented Defendant for the limited purpose of this motion under the Court's General Order

17  2020-06, *see* ECF No. 82, and the limited purpose for which Defendant sought counsel has been

18  fulfilled.

19     Dated: November 17, 2020

20  _____
                                    U.S. District Judge Jennifer A. Dorsey

21

22

23  _____
[12] *Id.*
[13] ECF No. 80.

3